M. F. MIDDLETON, Jr., President of the Philadelphia Stock Exchange, on Behalf of Himself and the Members of the Philadelphia Stock Exchange, an Unincorporated Association, Appellant, v. F. G. DUSSOULAS, Trustee of the Bankrupt Estate of Howard A. Lang, Appellee.

Circuit Court of Appeals, Third Circuit. November 7, 1929.

No. 4063.

Howard H. Yocum, of Philadelphia, Pa., for appellant.

Percy Granger, Robert T. McCracken, and Geo. J. Edwards, Jr., all of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

RELLSTAB, District Judge. On October 12, 1925, Howard A. Lang was adjudicated an involuntary bankrupt. At that time he was a stock broker and a member of the Philadelphia Stock Exchange, under suspension for insolvency, and was indebted to other members of the Philadelphia Stock Exchange.

Immediately prior to the filing of the petition in bankruptcy against him, viz., July 21, 1925, Lang had in the possession of the copartnership of DeHaven & Townsend, stock brokers, two of the partners of which were members of that Exchange, the sum of

$14,624.38, and 2,000 shares of Triplok, Inc., which they held as a credit balance of cash and securities upon the settlement of their account with Lang. DeHaven & Townsend refused to pay this property to the bankrupt's trustee on the ground that the Philadelphia Stock Exchange claimed the exclusive right thereto.

Thereupon the trustee filed his petition with the referee reciting said facts, and De-Haven & Townsend, answering the referee's order to show cause why they should not pay over this property, submitted themselves to the referee's jurisdiction on the reservation of the right to review any rulings made against them and on the express condition that the Exchange be brought into the proceedings to assert its claim to a part or the whole of the fund and securities in question; and pleaded that its refusal to turn them over was because the Exchange claimed the exclusive right thereto and had forbidden the payment of them over to any one else. Thereafter the Exchange, by its president, the appellant herein, filed its petition with the referee, asking leave to intervene, submitting itself to the referee's jurisdiction and likewise reserving the right to have his rulings reviewed in the appropriate tribunal. In this petition the Exchange set up the same grounds underlying its claim to this fund and property as it had set forth in a similar petition for intervention in the case of Middleton, Jr., etc., v. Fidelity-Philadelphia Trust Co., et als., Trustees of Frank C. McCown, Jr., Bankrupt (C. C. A.) 35 F.(2d) 851, just decided. (See opinion in that case, Id., page 852, where these grounds are fully set forth.)

The trustee answered this petition, alleging, inter alia, that the balance owing by DeHaven & Townsend to Lang arose from transactions on the New York Stock Exchange and not on the Philadelphia Exchange; that Lang was not a member of the New York Stock Exchange; that certain members of DeHaven & Townsend were members of both the New York and the Philadelphia Exchanges; that Lang made all sales and purchases of stock listed on the New York Exchange through DeHaven & Townsend, acting as his broker; that the rules of the Philadelphia Stock Exchange were not applicable to such transactions; that the Philadelphia Exchange had no right to intervene, and that no member of that Exchange had any right to assert under its rules any claim upon any obligation due to the firm of which he was a member.

It is agreed that the balance of cash and the securities constituting the property in question represent only the proceeds and results of transactions carried on on exchanges other than that of Philadelphia.

Both the referee and the district court decreed that the fund and property in question be turned over to the trustee, each resting on the opinion filed by the district court in the McCown Case. The facts in that and the instant case are almost identical, the main differences being that in the instant case the proceeds of the sale of Lang's seat in the possession of the Exchange, plus the cash in De-Haven & Townsend's hands and claimed by the Exchange, exceed the aggregate of the claims against Lang held by fellow members of the Philadelphia Exchange and by trading firms, one or more members of which are also members of the Exchange.

The appellant's contentions here are the same as made by it in the McCown Case, and the decree appealed from in the instant case is affirmed for the reasons given in the Mc-Cown Case. This affirmance being on the merits, we deem it unnecessary to consider the trustee's challenge of the right of the Exchange to prosecute this appeal.